***NOT FOR PUBLICATION***

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


                                    :
SAHDIEKHAN JOHNSON,                 :
                                    :
            Plaintiff,              :    Civil No. 12-973 (NLH)
                                    :
      v.                            :
                                    :         OPINION
NEW JERSEY DEP'T CORR.,             :
et al.,                             :
                                    :
            Defendants.             :
                                    :
```

**APPEARANCES:**

**SAHDIEKHAN JOHNSON,** Plaintiff pro se
725526C-620390
Northern State Prison
P.O. Box 230
Newark, N.J. 07114

**HILLMAN**, District Judge

Plaintiff Sahdiekhan Johnson ("Plaintiff") seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should proceed in part at this time.

## I. BACKGROUND

Plaintiff, incarcerated at Northern State Prison in Newark, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Officer Robinson, Officer Cooper, Officers John Doe Nos. 1 & 2, and Internal Affairs Investigator John Doe No. 3.[1] The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On July 1, 2010, while incarcerated at Bayside State Prison, Plaintiff was returning to his cell after picking up medication from the prison hospital. He was standing outside of his cell, waiting to be let in, when Defendant Robinson called Plaintiff over to the desk and began yelling at him. While Plaintiff was trying to explain that he was not doing anything and was just waiting to get into his cell, Defendant Robinson punched Plaintiff in the face and broke his jaw. Defendants Cooper and John Doe Nos. 1 & 2 joined the attack and began to punch, kick and stomp Plaintiff while he was on the ground. After

---

[1] The Clerk of the Court shall amend the docket to add these defendants and remove "New Jersey Department of Corrections."

handcuffing him, Defendants still continued to beat Plaintiff in the head, face and body.  Plaintiff had to be hospitalized and underwent two surgeries due to this beating.

Plaintiff alleges that Defendant John Doe No. 3, an investigator from Internal Affairs at Bayside State Prison, "covered up and concealed" the injuries Plaintiff sustained at the hands of Defendants Robinson, Cooper and John Doe Nos. 1 & 2 and conducted a fraudulent investigation.

Plaintiff seeks compensatory and punitive damages from each Defendant.

**II.   DISCUSSION**

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is

proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948). The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.

4

See Iqbal, 129 S.Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008))

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. Excessive Force**

It appears that Plaintiff is raising an excessive force claim against Defendants Robinson, Cooper and John Doe Nos. 1 & 2.

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). In its prohibition of cruel and unusual punishment, the Eighth Amendment obligates prison administrators "to take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); see also Helling, 509 U.S. at 31-32; Washington v. Harper, 494 U.S. 210, 225, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990); Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. See Rhodes v. Chapman, 452 U.S. 337, 346-347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 2

6

L.Ed.2d 630 (1958)).

In Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), the Supreme Court held that, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6-7.

Under the Eighth Amendment, the Court must examine, subjectively, "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (citation omitted). In reviewing the objective component, it is clear that not all use of force is "excessive" under the Eighth Amendment such that it rises to the level of a constitutional violation. "In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the

7

severity of a forceful response.'" Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (citing Whitley, 475 U.S. at 321, 106 S.Ct. 1078).

In this case, Plaintiff alleges that he was assaulted by Defendants for no reason and suffered substantial injuries as a result. As such, he has alleged sufficient facts to allow his excessive force claim to proceed against Defendants Robinson, Cooper and John Doe Nos. 1 & 2.

**2.  42 U.S.C. §§ 1985, 1986**

Plaintiff also indicates that he is pursuing relief under 42 U.S.C. §§ 1985(3) and 1986, but provides no factual allegations in support. The elements of a § 1985(3) claim are "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotations and citations omitted). To state a claim under § 1986, a plaintiff must show: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent

a § 1985 conspiracy, and (4) a wrongful act was committed." Clack v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994). Conspiracy allegations "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Capogrosso v. Sup.Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009).

Plaintiff has alleged no facts to support a claim for a conspiracy. As such, any claims Plaintiff intended to raise pursuant to 42 U.S.C. §§ 1985 and 1986 are hereby dismissed.

**3. Claims against John Doe No. 3**

Though it is not entirely clear, it appears that Plaintiff is alleging a claim against John Doe No. 3 for his failure to investigate the incident involving the other Defendants.

"'[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'" Graw v. Fantasky, 68 Fed.Appx. 378 (3d Cir. 2003) (quoting unpubl. District Court opinion) (citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)). See also Burnside v. Moser, 138 Fed.Appx. 414, 416 (3d Cir.2005) (prisoners do not have constitutionally protected right to prison grievance process); Lewis v. Williams, 2006 WL 538546, at *7 (D.Del. 2006) (failure to investigate grievance does not raise constitutional issue) (collecting cases). Therefore, any claims against John Doe No. 3 failure to investigate the incident will

9

be dismissed.

To the extent that Plaintiff is alleging a failure to protect claim against John Doe No. 3, that claim will also be dismissed.  The Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of the inmates," Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)), which includes protecting "prisoners from violence at the hands of other prisoners."  Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (citation omitted).  To state a failure to protect claim under § 1983, an inmate must assert facts showing: (1) he is objectively "incarcerated under conditions posing a substantial risk of serious harm;" (2) defendant subjectively "knows of and disregards an excessive risk to inmate health or safety;" and (3) causation.  Farmer, 511 U.S. at 837.

Here, Plaintiff does not allege that John Doe No. 3 knew of the risk to Plaintiff and disregarded said risk.  He does not allege any facts that would indicate that Defendant John Doe No. 3 was aware of the beating and failed to intervene.  As such, this claim will also be dismissed.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's excessive force claim against Defendants Robinson, Cooper and John Doe Nos. 1 & 2 shall proceed.  Plaintiff's claims pursuant to 42 U.S.C. §§ 1985

and 1986 and all claims against Defendant John Doe No. 3 are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff may move to file an amended complaint to correct the deficiencies, and to allege sufficient facts to demonstrate the plausibility of the dismissed claims, as outlined in Iqbal, and in accordance with this Opinion.  Plaintiff's motion to amend must adhere to the court rules.[2]  An appropriate order follows.

Dated: April 2, 2013
At Camden.

                                            s/ Noel L. Hillman
                                            NOEL L. HILLMAN
                                            United States District Judge

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.